[No. 1806.   Decided May 28, 1895.]

EMMA E. WILLIAMS, *Respondent*, v. JOHN GEIGER, *Appellant.*

PLEDGE — INTERMINGLING OF GOODS — PLEDGEES' LIABILITY.

Where a debtor has placed her creditor in possession of a stock of goods and store fixtures under an agreement that he should reconvey same, after selling from said stock a sufficient amount to pay the indebtedness, or would pay her for the same at the valuation fixed in an invoice, the creditor will be held to have elected to pay for the goods, when the evidence shows that he had commingled them with subsequent purchases in such a way as to make it impossible to identify them, and had sold an undivided interest in the entire stock to an incoming partner.

*Appeal from Superior Court, Kittitas County.*

*Wager & Graves,* for appellant.

*H. J. Snively,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The complaint in this action alleges that, in September, 1893, respondent (plaintiff below), in order to pay an indebtedness of $193, that she was then owing to appellant, delivered to appellant a stock of goods and some store fixtures, under an agreement that when appellant should have sold from said stock of goods a sufficient amount to pay such indebtedness at the prices fixed by an invoice made at the time of the delivery to him, he would reconvey the stock of goods and fixtures to respondent, or pay her for the same at the valuation fixed in such invoice, said value being $522.17. It further alleges that the amount of such indebtedness had been realized by appellant from the sales of said stock prior to the commencement of the action; that demand had been made that he should

either reconvey the goods or pay for them, which demand had been refused; and judgment was prayed against appellant for the difference between the value of such goods and fixtures and her indebtedness to him.  In his answer appellant admitted the delivery of such property to him, but denied the other allegations of the complaint, and set up an affirmative defense.  The respondent having rested her case upon the trial, a motion for a non-suit was submitted by appellant and overruled.  Thereupon, appellant offering no evidence, a verdict for the respondent was directed by the court, and from a judgment entered upon such verdict this appeal is taken.

The learned counsel for appellant admits in his brief that upon the trial of the case respondent "proved all the material allegations of the complaint except that appellant had sold from such goods a sufficient amount to pay the indebtedness of $193," that respondent was owing to appellant.  It is insisted, however, that the evidence upon that question is insufficient to entitle respondent to recover.

Upon the trial appellant was called as a witness and examined by respondent's counsel, and upon such examination, testified that immediately after taking possession of the goods he commingled the same with other goods purchased by him, amounting to about $700 in value, and thereafter, from month to month, continued to purchase and add to said stock, goods amounting to about the value of $700 per month; that the goods so added were commingled with the goods received from the respondent so as to make it impossible to distinguish or identify the same; that his sales from the entire stock averaged from three to four dollars per day from the time of receiving the stock from respondent down to the commencement of

this action. He admitted that he kept a cash book, but claimed he did not know where it was at the time of the trial. It also appeared, that subsequent to taking possession of respondent's goods, and prior to the commencement of the action, appellant had sold to one Thomas Grennan an undivided interest in the entire stock and had entered into a commercial partnership with said Grennan.

There was other evidence introduced tending to show the amount and extent of the sales made from the goods in question, and we should not disturb the judgment, even if we were restricted in the decision of this case to the sole question of determining whether the sales actually made by appellant from the goods received by him from respondent were sufficient to pay the indebtedness owing by respondent to appellant at the time that said goods were turned over. But we think that by confusing and commingling the goods received from respondent with other goods so as to destroy their identity, appellant elected to pay respondent for the entire stock received by him from her, at the prices fixed in the invoice, and that the judgment rendered was right. The evidence was sufficient to show his election to pay for the goods in accordance with his contract and the invoice taken. It seems to us that no other conclusion could be reached, because by his own acts he had made it impossible to return the goods remaining unsold after the payment of the indebtedness, and his own testimony satisfies us that the judgment appealed from does him no injustice.

The judgment is affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR JJ., concur.